IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Andrew Mirtes,                                Case No. 3:05CV7216

            Plaintiff

       v.                                         ORDER

Norfolk Southern Railway,

            Defendant

     This is an FELA action in which the defendant has requested production of authorizations signed by the plaintiff to enable the defendant to obtain health care records. The plaintiff's counsel refused to provide the authorizations, contending that it would procure the pertinent records. That refusal caused defendant to file a motion to compel production of the authorizations.

     That motion shall be granted. Although the plaintiff's counsel may have a "policy" of procuring records of its clients, rather than providing defendants with signed authorizations, such policy is not recognized or justified in law. Courts routinely direct plaintiffs to provide authorizations so that defense counsel may obtain pertinent records directly from health care providers. *See, e.g.*, *Wyatt v. City of Richland Police Dept*., 2005 WL 3118123, *2 (E.D.Wash.); *Brown v. Eli Lilly and Co.,* 131 F.R.D. 176, 178 (D.Neb. 1988); *Lammers v. Conrad*, 601 F.Supp. 1543, 1548 (E.D.Wis. 1985).

     Nor is such "policy" acceptable. Permitting the records to pass through plaintiff's counsel is an invitation to withholding of pertinent records. Even where such does not occur [and I am

not assuming that it would or has occurred], such "policy" creates the appearance of possible withholding of records. That, in turn, leads, at best, to concern and suspicion on the part of opposing counsel and consequent potential for disruption of the ordinary and efficient flow of discovery.

Plaintiff's counsel also asserted that it was concerned about the fact that a record reproduction service would have access to the records and, perhaps, retain them or copies of them. Defense counsel represented that the service obtains the records from the pertinent providers, copies them (making one set for the defendant and one set for the plaintiff [so that each side can be confident that it has what the other has]), and returns the records to the providers without making any other copies.

That representation could have been made in a phone call, without this Court's intervention, had plaintiff's counsel asserted that concern when it first refused to provide the authorizations.

There is no acceptable basis for refusing to provide medical authorizations to another party when requested. In the future, sanctions will routinely be imposed where counsel refuses without lawful justification to provide authorizations promptly on request.

It is, therefore,

ORDERED THAT the defendant's motion to compel be, and the same hereby is granted; authorizations to be provided as requested on or before December 30, 2005.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge